UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

JOSEPH ROBINSON,

                              Petitioner,

            - vs -                              9:06-CV-0496

DALE ARTUS, Superintendent,

                              Respondent.

-----------------------------------------------------------------

APPEARANCES:

JOSEPH ROBINSON
Petitioner, *pro se*
98-A-1604

David N. Hurd
United States District Judge

# O R D E R

## A.  Background.

On April 21, 2006, a petition was filed by Joseph Robinson ("petitioner" or

"Robinson") pursuant to 28 U.S.C. § 2254.  Dkt. No. 1.  By Order of this Court filed June 2,

2006, petitioner was directed to submit a statement providing the Court with additional

information regarding his efforts to exhaust his state court remedies.  Dkt. No. 2.  There-

after, by Order dated October 18, 2006, the Court ordered petitioner to submit an

amended petition.  The October Order noted that:

> Robinson relies upon 28 U.S.C. § 2244(d)(1)(D) which provides that the one
> year period of limitation shall run from the date upon which the factual
> predicate upon which the claims presented **could have been discovered
> through the exercise of due diligence**.  28 U.S.C. § 2244(d)(1)(D).
> Section 2244(d)(1)(D), while allowing the statute to run anew upon the
> discovery of new evidence, 'does not convey a statutory right to an extended
> delay . . . while a habeas petition gathers every possible scrap of evidence
> that might . . . support his claim.' *Lucidore v. New York State Division of*

*Parole*, 1999 WL 566362*5 (S.D.N.Y. August 3, 1999) (quoting Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)).

A petitioner, whose claim is based upon newly discovered evidence, has the burden of showing that such evidence could not have been discovered earlier with due diligence. *United States v. White*, 972 F.2d 16, 20 (2d Cir.1992); *United States v. Hedman*, 655 F.2d 813, 815 (7th Cir.1981). However, Petitioner does not state **what** the newly discovered evidence is or how it impacts his case, and he does not inform the Court **how** and **when** he learned of the evidence. This information must be set forth in any amended Petition filed in this action.

Dkt. No. 4.

Petitioner has now filed his amended petition and supporting Memorandum of Law.

Dkt. Nos. 5-6.

## B. Amended Petition.

In his amended habeas petition, Robinson complains of a judgment of conviction rendered in Columbia County Court wherein he pled guilty to one count of murder in the second degree and was sentenced to a term of 25 years to life imprisonment. Petitioner appealed to the Appellate Division, Third Department on the sole ground that his sentence was harsh and excessive due to the fact that he had no prior criminal record. The judgment was affirmed by decision dated June 17, 1999. *See People v. Robinson*, 262 A.D.2d 795 (3d Dept. 1999).[1] The New York State Court of Appeals denied petitioner leave to appeal on September 24, 1999. Thereafter, petitioner filed a motion pursuant to CPL § 440 alleging violation of a plea agreement at sentencing and ineffective assistance of counsel. Petitioner states that the motion was denied by Order dated September 26, 2000. According to a Decision and Order annexed to petitioner's Memorandum of Law,

---

[1] Petitioner was represented by counsel on this appeal.

2

the motion was denied because such issues were part of the record, and petitioner failed

to raise them on a perfected appeal to the Appellate Division.  *See* Dkt. No. 6, Exhibit D.

On July 19, 2005, petitioner filed a motion to renew his CPL § 440 Motion.  In the

renewal motion petitioner attempted to assert that he had newly discovered evidence in

the form of an affidavit dated February 25, 2005, from his Public Defender.[2]  The Court

noted in its Decision and Order that:

> The affidavit states: that Mr. Inman recalls that the People initially offered
> defendant a seventeen to life term of imprisonment in exchange for the plea
> to the indictment; pre-trial hearings were thereafter held on January 16, 1998
> and following the hearing and the introduction of a 911 tape made by the
> victim, defendant decided to plea[d] guilty; at the time of the plea the People
> did not extend or renew their sentencing offer; defendant's guilty plea was
> made without a joint recommendation as to sentence; defendant was
> thereafter sentenced to the maximum term upon his plea of twenty-five years
> to life.

Dkt. No. 6, Exhibit D.[3]  In its September 29, 2005 decision denying petitioner's motion, the

Court observed that Mr. Inman's affidavit:

> [E]stablishes that there was no plea sentence agreement in effect at the time
> of the plea, and as stated, in any event, the same would be totally
> unenforceable if in effect because the Court was not a party.  Further, as
> reflected in the plea minutes, this Court inquired of the defendant on at least
> two occasions if he had been promised anything in return for his plea and he

---

[2]  Petitioner has not provided the affidavit to this Court.  However, he provided the September 29,
2005 Decision and Order from the Honorable Paul Czajka as well as an affirmation from the District Attorney
who opposed the renewal motion.  Both of these documents address the contents of the Public Defender's
affidavit.

[3]  A similar version of the Inman Affidavit is contained in the District Attorney's Affirmation, wherein it
was recounted that:
> The affidavit states that upon recollection the District Attorney initially offered Joseph
> Robinson a term of imprisonment of seventeen years to life in exchange for a plea to the
> charge.  Mr. Inman notes that subsequently there was a hearing concerning the admissibility
> of statements and that at the close of the hearing the Defendant, Joseph Robinson, decided
> to plead guilty.  At that time the District Attorney did not extend a sentencing offer.  Mr. Inman
> states that Joseph Robinson pleaded guilty without a joint recommendation as to sentence.
Dkt. No. 6, Exhibit B.

> answered in the negative.  (Transcript at pages 118, 125).  Moreover, the
> Court advised defendant that upon his plea of guilty he would be subject to a
> sentence of twenty-five years to life, and defendant acknowledged the same.
> (Transcript at page 127).

*Id.*  Petitioner alleges that he appealed the denial of his renewal motion.  The appeal was

denied on March 2, 2006.  Dkt. No. 5.

In his amended petition, Robinson asserts a claim for violation of the plea

agreement, as well as a claim of ineffective assistance of trial counsel based upon the

alleged failure of trial counsel to advise him that the plea agreement had been withdrawn.

*See* Dkt. No. 5.

Petitioner relies on 28 U.S.C. § 2244(d)(1)(D) which provides that habeas relief may

be sought even after a conviction has been final for one year, in cases where newly

discovered evidence supports petitioner's claim.  28 U.S.C. § 2244(d)(1)(D).  In such

cases, the one year period begins to run from the date upon which the factual predicate

***could have been discovered*** though the exercise of due diligence.  A petitioner, whose

claim is based upon newly discovered evidence, has the burden of showing that such

evidence could not have been discovered earlier with due diligence.  *United States v.*

*White*, 972 F.2d 16, 20 (2d Cir.1992); *United States v. Hedman*, 655 F.2d 813, 815 (7th

Cir.1981).  "Newly discovered evidence is, by definition, incapable of discovery through

counsel's due diligence before or during trial."  *Hector v. Greiner*, 2000 WL 1240010 at *1

(E.D.N.Y. Aug. 29, 2000) (citing *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir.

2000)).

Here, the fact that petitioner was sentenced to a term of 25 years to life had been

known to petitioner since March 2, 1998, the date of his sentencing, and well before his

4

direct appeal.  It appears that petitioner's "newly discovered evidence" is simply confirmation of what was already known, and in fact, already raised by petitioner in his first motion pursuant to CPL § 440.

Since the evidence now raised by petitioner could have been discovered by the petitioner through the exercise of due diligence, and was, in fact, known to petitioner from the date of his sentencing, the petition is time-barred and must be dismissed.

THEREFORE, it is

ORDERED, that

1.  The Petition is DISMISSED as time barred; and

2.  The Clerk shall serve a copy of this Order on Petitioner by certified mail.

IT IS SO ORDERED.

Dated:   January 9, 2007

Utica, New York.

United States District Judge

5